IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN K. MITCHELL                                                            PLAINTIFF

v.                           Case No. 4:21-cv-917-JM

UNIVERSITY OF ARKANSAS
AT LITTLE ROCK *et al.*                                                      DEFENDANTS

### BRIEF IN SUPPORT OF KRISTA LEWIS AND VELMER BURTON'S MOTION TO DISMISS FOR INSUFFICIENT PROCESS

The Court should dismiss Plaintiff Brian Mitchell's claims against Krista Lewis and Velmer Burton under Rule 12(b)(5). Rule 4(m) of the Federal Rules of Civil Procedure states that, if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) further provides that the court must extend the time for service if the plaintiff shows "good cause for the failure." Here, Dr. Mitchell has failed to meet the 90-day deadline, and he cannot establish good cause.

"Good cause" for extending the time for service can sometimes be found if one of the following situations exists: "[1] the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding *pro se* or *in forma pauperis*." *Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting

4B Charles A. Wright et al., *Federal Practice & Procedure* § 1137, at 342 (3d ed. 2002)). In this case, the fourth criterion obviously does not apply, and it is unlikely that Dr. Mitchell can establish any of the others.

The time for perfecting service expired over seven months ago, and Dr. Mitchell has not communicated with the Court or demonstrated any interest carrying out his obligations under Rule 4(m). Dr. Lewis's and Dr. Burton's workplaces are easy to find on the internet, and Defendants revealed Dr. Lewis's whereabouts in a brief. *See* ECF 10, at 36, n.23. Although these individuals live in other states, it is not difficult to find a process server outside of Arkansas. Nor is there any reason to believe that Dr. Burton and Dr. Lewis have evaded process; if they had engaged in such conduct, the Court would have heard about it. Therefore, the Court should dismiss Dr. Mitchell's claims against these individuals.

        Respectfully submitted,

        University of Arkansas System
        OFFICE OF THE GENERAL COUNSEL

        David A. Curran (Ark. Bar. 2003031)
        Associate General Counsel
        University of Arkansas System
        2404 North University Ave.
        Little Rock, AR  72207-3608
        (501) 686-2536
        dcurran@uasys.edu

        And

Mindy D. Pipkin (Ark. Bar. 2004067)
Associate General Counsel
University of Arkansas System
2801 S. University Ave., SSC Suite 413
Little Rock, AR  72204-1099
(501) 916-5699
mdpipkin@ualr.edu

*Attorneys for Defendants*