IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN K. MITCHELL**                                                                              **PLAINTIFF**

VS.                                            NO.   4:21CV000917

**CHRISTINA DRALE,**
**In her individual and official capacities;**
**SARA BETH ESTES, in her individual capacity;**
**JESS PORTER, in his individual capacity; and**
**BLENDA BLEVINS-KNABE,**
**in her individual capacity**                                                                     **DEFENDANTS**

## ORDER

Pending is Defendants' motion to dismiss the amended complaint.   (Docket # 53).   A hearing was held on this matter on April 5, 2023.   During the hearing, Plaintiff conceded to the dismissal of all claims contained in the amended complaint except the claim against the individual defendants for employment discrimination relating to the Institutional Review Board proceedings and decision.   For the reasons set forth herein, the motion to dismiss is GRANTED.

Plaintiff asserts that the individual defendants discriminated against him based on race and retaliated against him when the Institutional Review Board ("IRB") made a finding of noncompliance against him with regard to a research project. First, in order to succeed in his employment discrimination claim, Plaintiff must demonstrate that he suffered an adverse employment action. *See e.g., Wimbley v. Cashion,* 588 F.3d 959, 962 (8th Cir.2009).   Plaintiff did not suffer an adverse employment action as a result of the findings of the IRB review board. Although Plaintiff alleges that this finding threatens his professional reputation, he was not suspended, demoted nor was his pay cut. Because the finding had no tangible effect on Plaintiff's employment, it does not constitute adverse employment action.   *See*, *Spears v. Missouri Dep't of*

*Corr. & Hum. Res.,* 210 F.3d 850, 854 (8th Cir. 2000) (loss of prestige is not enough to establish actionable adverse action).

In addition, the Court finds that the Defendants would be entitled to qualified immunity. Plaintiff claims that he requested Drale, Estes and Porter to assist him with the IRB review board but his concerns were not addressed.   Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Again, Plaintiff suffered no adverse employment action as a result of the review board findings.   Further, Plaintiff failed to state a plausible claim that similarly situated individuals were treated differently. Plaintiff alleges no facts which would demonstrate that the Defendants lacked an honest belief that Plaintiff violated the policy on human subject research. Plaintiff has failed to state a plausible claim for a violation of a constitutional or statutory right which was clearly established at the time.

For these reasons, Plaintiff's remaining discrimination claim on the basis of the IRB review board findings is dismissed with prejudice.

IT IS SO ORDERED this 6th day of April, 2023.

_____
James M. Moody Jr.
United States District Judge